IN THE UNITED STATES DISTRICCT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANITIA MORRIS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DAVID MORRIS, as personal representative,<br><br>Plaintiffs<br><br>vs.<br><br>3D TRANSPORTATION, INC., an Iowa Corporation, and MICHAEL SEGELKE<br><br>Defendant. | CASE NO.: _____<br><br><br>COMPLAINT |

COMES NOW Plaintiff Anitia Morris, individually and on behalf of the Estate of David Morris, as personal representative, by and through their counsel of record Frank Younes, of the firm High & Younes, and for their Complaint against Defendants, 3D Transportation, Inc., an Iowa Corporation, and Michael Segelke states and alleges, as follows:

PARTIES

1. David L. Morris, decedent, died on January 8, 2019.

2. Prior to Decedent's death he was a Member of the Omaha Tribe and he resided in Walthill Nebraska on the within the Omaha Indian Reservation in the Thurston and Cuming Counties of Nebraska.

3. Probate has been filed in the Omaha Tribal Court in Macy, Nebraska, pursuant to which Anitia Morris has been appointed as Personal Representative in case number, PRO 19-003.

4. Anitia Morris is also a member of the Omaha Tribe.

5.  Anitia Morris is the only surviving child of the Decedent.

6.  3D Transportation, Inc., is an Iowa Corporation with its home office located at 319 1st Street, Maurice, Iowa, and registered agent located at 121 Albany Avenue, Orange City, Iowa.

7.  Michael Segelke is an individual who resides in Hospers, Iowa.

JURISDICTION

8.  Plaintiffs incorporate as if fully restated herein paragraphs 1 through 7 of Plaintiffs' Complaint.

9.  Jurisdiction is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S. Code sec 1332(a), on the following basis:

    a.  diversity exists between the parties with Plaintiffs being citizens of the State of Illinois and Defendants being citizens in the State of Iowa,

    b.  Nebraska being where the herein causes of action arose, and

    c.  the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

STATEMENT OF FACTS

10. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 9 of Plaintiffs' Complaint.

11. On January 2, 2019 Michael Segelke was operating a 2016 Peterbilt Tractor owned by 3D Transportation, Inc.

12. Segelke was an employee of 3D Transportation, Inc.

13. Segelke was an agent of 3D Transportation, Inc.

14. Segelke was a contractor of 3D Transportation, Inc.

15. Segelke was hired by 3D Transportation, Inc., to operate the 2016 Peterbilt Tractor on January 2, 2019.

16. Segelke was driving the 2016 Peterbilt Tractor, owned by 3D Transportation, Inc., on Highway 77 approximately 200 feet north of Ho-Chunk Plaza in Winnebago, Thruston County, Nebraska on the Omaha Tribal Reservation when he collided with a 2005 Buick Lacrosse driven by David Morris.

17. Segelke collided with Decedent's vehicle when he looked away from the roadway to get a drink.

18. As a result of the collision with Decedent's vehicle that resulted in Decedent's death Segelke was cited for Following too closely pursuant to Nebraska Revised Statute sec. 60-6,140.

19. For his actions in the collision with Decedent's vehicle that resulted in Decedent's death Segelke was charged with Following Too Closely pursuant to Neb. Rev. Stat. sec. 60-6,140 as filed in the County Court of Thurston County, Nebraska at case number TR 19-4.

20. For his actions in the collision with Decedent's vehicle that resulted in Decedent's death following being cited and charged Segelke plead guilty to Following Too Closely pursuant to Neb. Rev. Stat. sec. 60-6,140 as filed in the County Court of Thurston County, Nebraska at case number TR 19-4.

21. For his actions in the collision with Decedent's vehicle that resulted in Decedent's death following being cited, charged, and pleaing guilty Segelke was convicted of Following Too Closely pursuant to Neb. Rev. Stat. sec. 60-6,140 as filed in the County Court of Thurston County, Nebraska at case number TR 19-4.

22. As a result of the collision between Segelke and Decedent, Decedent suffered injuries.

23. As a result of the collision between Segelke and Decedent, Decedent suffered physical pain and mental suffering (and emotional distress) prior to his death.

24. As a result of the collision between Segelke and Decedent, Decedent required and received reasonable and necessary medical (, hospital, nursing, and similar) care and supplies.

25. As a result of the collision between Segelke and Decedent, Decedent required and incurred reasonable and necessary value of medical (, hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to the plaintiff.

26. Decedent's injuries suffered as a result of the collision between Segelke and Decedent, resulted in his death.

27. As a result of the collision between Segelke and Decedent, Decedent died and suffered funeral costs.

28. Anitia is the only surviving child of Decedent.

29. Anitia is disabled and handicapped.

30. Prior to Decedent's death he financially supported Anitia.

31. Anitia has lost and suffered the financial support, services, comfort, or companionship that the Decedent gave to her before his death and would have continued to provide to her in the future.

CAUSE OF ACTION NO. 1. - NEGLIGENCE

32. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 28 of Plaintiffs' Complaint.

33. Segelke owed a duty to Decedent and other drivers to keep a look out.

34. Segelke owed a duty to Decedent and other drivers to keep pay attention to the roadway while operating a semi-truck.

35. Segelke owed a duty to Decedent and other drivers not to follow to closely.

36. Segelke owed a duty to Decedent and other drivers to scan the roadway.

37. Segelke owed a duty to Decedent and other drivers not to collide with their vehicles.

38. Segelke owed a duty to Decedent and other drivers not to cause a collision.

39. Segelke owed a duty to Decedent and other drivers to protect them from the dangers posed by his vehicle, a semi-truck.

40. Segelke owed a duty to Decedent and other drivers not to drive while tired.

41. Segelke owed a duty to Decedent and other drivers to follow the rules of the road.

42. Segelke breached the duty he owed to Decedent when he did not keep a look out.

43. Segelke breached the duty he owed to Decedent when he followed to closely.

44. Segelke breached the duty he owed to Decedent when he failed to scan the road for Decedent's vehicle.

45. Segelke breached the duty he owed to Decedent when he collided with Decedent's vehicle.

46. Segelke breached the duty he owed to Decedent when he violated the rules of the road.

47. Segelke breached the duty he owed to Decedent when he drove tired.

48. As a result of Segelke's breach of the duties he owed to Decedent, Segelke proximately and directly caused damages to Plaintiffs.

49. Decedent suffered damages as a result of Segelke's breach of the duty owed to Decedent.

50. Decedent died as a result of Segelke's breach of duty.

51. Anitia suffered damages as a result of Segelke's breach of the duty owed to Decedent.

## CAUSE OF ACTION NO. 2 – RES IPSA LOQUITUR

52. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 51 of Plaintiffs' Complaint.

5

53. That the collision between Segelke and Decedent's vehicle was proximately caused by a semi-truck that was in the exclusive control of the Segelke; and

54. That in the normal course of events the collision would not have occurred unless the defendant was negligent.

CAUSE OF ACTION NO. 3 – VICARIOUS LIABILITY

55. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 51 of Plaintiffs' Complaint.

56. 3D Transportation, Inc., and its employee Segelke owed Plaintiffs a duty as set forth in paragraphs 33, 34, 35, 36, 37, 38, 39, 40, and 41 above.

57. 3D Transportation, Inc., employed Segelke.

58. 3D Transportation, Inc., and entrusted a semi-truck owned by it to its employee Segelke.

59. 3D Transportation, Inc., and its employee Segelke breached those duties owed to Plaintiffs.

60. Decedent suffered injury, death and was damaged as a result of the negligence of 3D Transportation, Inc., and its employee Segelke.

61. Anitia suffered was damaged as a result of the negligence of 3D Transportation, Inc., and its employee Segelke.

62. Defendants are vicariously liable for the negligence of its employee and driver Segelke.

DAMAGES

63. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 190 of Plaintiffs' Complaint.

64. Plaintiff's claims for damages that are directly and proximately related to the actions or omissions of Defendants asserted as survival actions on behalf of the Decedent and the Estate of David Lee Morris include, but are not limited to, the following:

    a.  The value of medical (, hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to the Decedent leading up to his death.

    b.  Pre-death pain and suffering of Decedent,

    c.  Pre-death mental and emotional pain and suffering,

    d.  Funeral Expenses,

    e.  Attorneys' Fees, and

    f.  Court Costs.

65. Plaintiffs as the surviving children of Decedent assert claims for damages that are directly and proximately related to the actions or omissions of Defendants to include, but not limited to, the following:

    a.  Loss of relationship, comfort, companionship and society of her father;

    b.  Loss of services;

    c.  Loss of financial support;

    d.  Loss of consortium;

    e.  Mental and Emotional Anguish.

    f.  Attorneys' Fees

    g.  Court Costs.

JURY DEMAND

66. Plaintiffs demand a trial by jury.

THE ESTATE OF DAVID MORRIS, Plaintiff.

BY: _____

Francis Younes, #24779

HIGH & YOUNES, LLC.
6919 Dodge Street
Omaha, Ne 68132
(402)933-3345 Telephone
(402)933-3020 Facsimile
frank@hyattorneys.com
*Attorneys for Plaintiff*