IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ANITIA MORRIS, Individually and on Behalf of the Estate of David Morris, as personal representative of the Estate of David Morris;**<br><br>**Plaintiff,**<br><br>vs.<br><br>**3D TRANSPORTATION, INC., an Iowa corporation; and MICHAEL SEGELKE,**<br><br>**Defendants.** | 8:20CV534<br><br><br>ORDER |

This matter is before the Court on the Motion to Withdraw as Counsel for Plaintiff (Filing No. 18) filed by Frank Younes, of the firm High & Younes, LLC. Mr. Younes seeks to withdraw from his representation of Plaintiff pursuant to Nebraska Rules of Professional conduct §3-501.16 due to a breakdown in the attorney client relationship making it untenable for him to continue representation. Counsel's motion indicates a copy of the motion was served by regular U.S. mail upon his client, Anitia Morris. After review,

**IT IS ORDERED:**

1. The Motion to Withdraw as Counsel for Plaintiff (Filing No. 18) is granted. Frank Younes and the firm High & Younes, LLC shall be permitted to withdraw from their representation of Plaintiff, Anitia Morris, both individually and as personal representative of the Estate of David Morris.

2. Mr. Younes shall immediately serve a copy of this Order on his client and thereafter file proof of service showing compliance with this Order, listing the names and addresses of the persons to whom notice was sent. Counsel will not be relieved of applicable duties to the Court, his client, and opposing counsel until such proof of service is filed. Upon submission of such proof of service, Mr. Younes's appearance as counsel of record for Plaintiff will be terminated, and the Clerk of Court shall terminate electronic notice to him in this case.

3. Because Ms. Morris, in her capacity as a non-attorney personal representative, cannot represent the legal interests of the estate, see *Jacobson v. Cornu-Labat*, No. 806CV294, 2007 WL 1340686, at *1 (D. Neb. Apr. 9, 2007)(citing *Waite v. Carpenter*, 496 N.W.2d 1, 5 (Neb. Ct. App. 1992), within thirty days of receiving notice of this Order, Ms. Morris shall obtain the services of new counsel and have that attorney file an appearance on her behalf. **If, within thirty days of receiving notice of this Order, substitute counsel does not enter an appearance on behalf of Ms. Morris in her capacity as personal representative of the Estate of David Morris, the Court may recommend dismissal of her claims as a personal representative without further notice.**

4. As to Plaintiff's individual claims, within thirty days of receiving notice of this Order, Plaintiff shall also either: (a) obtain the services of counsel and have that attorney file an appearance in this case; or (b) file a statement notifying the court of her intent to litigate this case without the assistance of counsel. **The failure to do so may result in a recommendation that Plaintiff's individual claims be dismissed without further notice**.

5. If Plaintiff chooses to proceed with her individual claims without the assistance of counsel, she must for keep the Court informed of her current contact information and comply with all case progression deadlines, orders of this Court, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Failure to comply with these requirements may result in the imposition of sanctions, including payment of costs, attorneys' fees, and/or dismissal of the case.

Dated this 14th day of June, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge